United States District Court
Southern District of Texas
ENTERED

NOV 10 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. B-08-443 |
| | § | |
| WALBERTO ARRIAGA | § | |

## MEMORANDUM OPINION AND ORDER

### I.   PROCEDURAL HISTORY

On April 28, 2008, Mr. Walberto Arriaga ("Defendant") was arrested for the straw purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Defendant was released pre-trial on a $30,000 unsecured appearance bond. On June 30, 2008, Defendant pleaded guilty to the charges against him, and on October 6, 2008, the Court sentenced him to eighteen months in the custody of the Bureau of Prisons, to be followed by two years of supervised release. The Court allowed Defendant to self-surrender to the institution, thus he is still not in custody. On October 7, 2008, Defendant moved the Court for release pending his appeal.

### II.   ANALYSIS

   A.   The Bail Reform Act of 1984

The Bail Reform Act of 1984 (18 U.S.C. § 3143(b)) (the "Act") permits a judge to release a defendant on bond pending an appeal provided certain conditions are met. Those conditions are codified as follows:

> **Release of detention pending appeal by the defendant.-** The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
>
> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a

danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The Act was intended to reverse the presumption in favor of release on bail pending appeal that existed under the predecessor statute, the Bail Reform Act of 1966. *See United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985). Under the modern version, the defendant bears the burden of showing he satisfies Section 3143(b)'s conditions. *See United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985).

B. The Fifth Circuit Standard for a Substantial Question of Law or Fact

In *Valera-Elizondo*, 761 F.2d at 1023-25, the Fifth Circuit discussed the meaning of the phrase "raises a substantial question of law or fact" in subpart B of the Act. In that case, a defendant convicted of various federal drug crimes, appealed a federal district court's order denying him bail pending his appeal. *Id.* at 1021. The court held that a substantial question is one that is so integral to the merits of the conviction that it is more probable than not that a reversal will occur if the question is decided in defendant's favor. *See id.* at 1024; *see also, United States v. Gonzalez*, Crim. No. L-87-136, 1987 WL 39329, at *1 (S.D. Tex. Sept. 14, 1987).

**III. THE CASE AT BAR**

Defendant pleaded guilty, but contends that the Court improperly considered, for relevant conduct purposes, a portion of the Presentence Investigation Report ("PSI") during sentencing. Specifically, Defendant argues that information from an ATF report, included in the PSI, was inadmissible hearsay insofar as it stated that Defendant was responsible for the purchase of four (4)

firearms "going to be sold in Mexico." (Docket No. 24, p.3-4). This includes conduct in addition to the indictment, which alleged only that Defendant was arrested for the straw purchase of "a firearm, one FN, 5.7 x 28 caliber, model five seven handgun, serial number 386140824..." (Docket No. 9). According to the PSI, the ATF report is the product of an investigation by the same agency of routine queries on retail firearm purchases. (Docket No. 24, p.4). Defendant was investigated because he "employed an acquisition method commonly used by 'straw purchasers,' that is, the purchase of several specific firearms within a few months." *Id.* The ATF report, as incorporated into the PSI, purports to quote Defendant, saying he lied when initially questioned by ATF agents regarding the four firearm purchases, but later declared that he purchased three (3) additional firearms and disposed of them in the same manner as the firearm that is the subject of the indictment in this case. *Id.*

Initially, the Court notes that while Defendant may succeed on appeal in his claim that the Court improperly considered hearsay evidence, he still pleaded guilty to the straw purchase of at least one firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Defendant was sentenced to eighteen months in the custody of the Bureau of Prisons. Even if the Court had relied solely on the one gun referenced in the indictment, Defendant's offense called for a sentence between 12-18 months under the voluntary United States Sentencing Guidelines ("USSG"). The Court did not find any facts or circumstances which place this case "outside the heartland."

The Court finds that Defendant's appeal is not taken for the purposes of delay. Nevertheless, Defendant fails to raise a substantial question of law or fact integral to the merits of his conviction. *See Gonzalez*, 1987 WL 39329, at *1. Defendant voluntarily pleaded guilty. He has not moved to set aside this plea, nor questioned his guilt in any fashion. According to the information he has provided to the Court, Defendant is only questioning the amount of conduct relevant to his sentence.

Therefore, Defendant's challenge, if successful, would at best reduce the sentence imposed by several months, but in any event, not to less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. 3143(b)(1)(B). Accordingly, Defendant is not entitled to be released on bond pending appeal.

**ORDERED** that the Defendant's Motion for Release Pending Appeal is hereby **DENIED**.

**Signed** this 10th day of November, 2008.

Andrew S. Hanen
United States District Judge